UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANGELA FIGUEROA TORRES,
et al.,

    Plaintiffs,

v.

PEDRO A. TOLEDO DAVILA,
et al.,

    Defendants.

Civil No. 97-1254 (JAF)

## ORDER

Plaintiffs, Angela Figueroa-Torres, mother of Decedent Néstor Rivera-Figueroa, Geraldo Rivera-Figueroa, brother of Decedent; Geraldo Rivera-Figueroa, on behalf of Decedent's two-year old child, Linoska Rivera-Nieves; Wigberto Rivera-Figueroa; Sandra Rivera-Figueroa; María E. Irizarry, on behalf of both Néstor Rivera-Irizarry, Decedent's 21-year-old retarded son, and Sharon Rivera-Irizarry, Decedent's 19-year-old daughter; and Marinés Rivera-Irizarry, filed a complaint against six police officers affiliated with the Puerto Rico Police Department, Defendants Octavio Cruz-Candelario; Pedro Toledo-Dávila; Héctor Rivera-Torres; Elvin Fernández; Leslie Germain-Rodríguez; and Julio Pérez-Tirado, seeking declaratory relief and punitive damages pursuant to 42 U.S.C. §§ 1983, 1986, 1988; 28 U.S.C. §§ 1331, 1343(1), (2), (3), (4); and



AO 72
(Rev 8/82)

Civil No. 97-1254 (JAF)                                                    2-

31 L.P.R.A. §§ 5144, 5142 (1990), for the death of Néstor Rivera-Figueroa.

Before submitting this case to the jury for deliberations, we dismissed Plaintiffs claims of supervisory liability against Defendants Cruz-Candelario and Toledo-Dávila pursuant to Federal Rule of Civil Procedure 50. FED. R. CIV. P. 50. Plaintiffs' claims against the other four police officers were submitted to the jury. The jury found that one of the officers, Julio Pérez-Tirado, was liable and awarded Plaintiff Néstor Rivera-Irizarry $15,000 and Plaintiff Linoska Rivera-Nieves $20,000. We granted Plaintiffs' request for attorney's fees in the amount of $69,609. Docket Document No. 153.

Defendant Pérez-Tirado appealed, inter alia, the award of attorney's fees. Docket Document No. 154.

With regards to our award of attorney's fees, the First Circuit determined that Plaintiffs' "unsuccessful supervisory claims were based on different facts and legal theories than the successful excessive force claims, and were thus severable." Figueroa-Torres v. Toledo-Dávila, 232 F.3d 270, 279 (1st Cir. 2000). Plaintiffs' attorney was not entitled to fees for the unsuccessful, severable claims against Defendants Cruz-Candelario and Toledo-Dávila under 42 U.S.C. § 1988. Id. Therefore, the First Circuit remanded this case for us to make a determination of what portion of Plaintiffs' attorney's time was spent in furtherance of the unsuccessful supervisory liability claims. Id. The court directed us to deduct

AO 72
(Rev 8/82)

Civil No. 97-1254 (JAF)                                                    3-

the time that Plaintiffs' lawyer spent on the supervisory liability claims from the total amount awarded. Id.

We employ the lodestar method, which calls for multiplying the number of hours worked by the rate of compensation. Blum v. Stenson, 465 U.S. 886, 888 (1984) (an award of attorney's fees under section 1988 should normally be based on multiplying a reasonable number of hours worked by a reasonable rate of compensation); Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

On August 24, 2001, this court requested that interested parties submit any materials that would assist us in resolving the issue on remand. Docket Document No. 172. Plaintiffs' attorney submitted a billing record indicating that he spent a total of 8.7 hours working exclusively on the supervisory liability claims, and that his paralegal spent thirty percent of her eighty-five hours, or 25.5 hours, working on the supervisory liability claims. Docket Document No. 174.

Based on our review of the billing records, we find that Plaintiffs' attorney also spent 6.8 hours spent between June 1997 and August 1997 doing work on the supervisory liability claims.[1] See id.

---

[1] Between June and August 1997, Plaintiffs' attorney spent 6.8 hours doing substantive work that related to Defendants claims of supervisory liability. The hours included drafting a motion for default against Defendant Toledo-Dávila (6/2/97); filing the motion for default (6/3/97); drafting an opposition to Toledo-Dávila's motion to extend time (6/4/97); reviewing Defendant Cruz-Candelario's motion to dismiss (6/25/97); drafting a motion to extend time (6/30/97); filing the motion to extend time (7/1/97); reviewing and researching motion to dismiss (7/1/97); drafting and serving opposition to motion to dismiss (8/1/97); filing opposition to

Civil No. 97-1254 (JAF)                                                  4-

at Exh. 1. We also find that Plaintiff spent at least two additional in-court hours working on the supervisory liability claims.[2] Therefore, we find that Plaintiffs' attorney actually spent a total of 17.5 hours on the severable claims. Four of these hours were in-court time.

We have already determined that the applicable rate for Plaintiffs' attorney is $130 per hour for out-of-court time and $150 for in-court time, and that his paralegal is entitled to forty dollars per hour. See Docket Document No. 153.

We deduct the hours that Plaintiffs' attorney and paralegal spent on the supervisory liability claims, and reduce the total award by $3,375. Therefore, the revised attorney's fees for Plaintiffs' attorney are $66,234.00.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 31st day of July, 2002.

JOSE ANTONIO FUSTE
U. S. District Judge

---

Defendant Cruz-Candelario's motion to dismiss (8/5/97).

[2] See, e.g., Trial Transcript from December 22, 1998 (Rule 50 arguments in open court).